IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROSA RONCALES,

        Plaintiff,

v.                                                                               Civil Action No. 3:19cv234

COUNTY OF HENRICO, *et al.*,

        Defendants.

## MEMORANDUM OPINION

This matter comes before this Court on Defendants' Anthony McDowell, Alec Oughton, Scotty Roberts, and Eugene Gerald (collectively "Defendants") Motion for Supplementary Relief Pursuant to Federal Rules of Civil Procedure 16 and 37 ("Motion for Relief"). (ECF No. 61.) In the Motion for Relief, Defendants move this Court to exclude two exhibits that Roncales allegedly served after the close of discovery. (Mem. Supp. Mot. Relief 1, ECF No. 62.) Plaintiff Rosa Roncales responded to the Motion for Relief, (ECF No. 77), and the Defendants replied, (ECF No. 78).

These matters are ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a).[1] For the reasons that follow, the Court will deny Defendants' Motion for Relief.

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Roncales brings her claims under the First Amendment and Fourteenth Amendments to the Constitution. (Sec. Am. Compl. 1, ECF No. 30.)

## I. Factual and Procedural Background

In the Motion for Relief, Defendants argue that Roncales served two exhibits after the close of discovery: (1) the Chesterfield County blank application materials, (ECF No. 50-21); and, (2) the City of Richmond blank application materials, (ECF No. 54-3). By serving the exhibits after the close of discovery Defendants argue that Roncales violated Federal Rule of Civil Procedure 26(e) and that her failure to properly serve the exhibits was neither "substantially justified" nor "harmless." Fed. R. Civ. P. 37(c)(1).[2]

### A. Factual Background

On April 4, 2019, Roncales brought this civil rights action against Defendants pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution, alleging that they violated her Constitutional rights during the investigation leading to her termination and in her ultimate termination.[3] (Compl. ¶¶ 53, 61, 64, ECF No. 4.)

---

[2] Federal Rule of Civil Procedure 37 provides in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

[3] On July 29, 2019, Defendants filed the Motion to Dismiss in response. (ECF No. 31.) On March 31, 2020, the Court granted in part and denied in part the Motion to Dismiss. (ECF No. 35.) The Court allowed the First Amendment Retaliation Claim to continue against Anthony McDowell, Alec Oughton, Scotty Roberts, and Eugene Gerald, in their individual capacities, and the Due Process Claim to continue against Anthony McDowell in his individual capacity. (Mar. 31, 2020 Mem. Op. 10–11, ECF No. 36.) The Court dismissed the County of Henrico as a defendant in this matter and dismissed the claims brought against McDowell in his official capacity. (Mar. 31, 2020 Order, ECF No. 35.)

On May 22, 2020, the Parties began discovery pursuant to the Court's Initial Pretrial Order.[4] (ECF No. 42.) On July 7, 2020, Roncales responded to Defendants' Interrogatories and Requests for Production of Documents. (Resp. 9, ECF No. 77.) With her response, Roncales served numerous blank employment forms/applications, including those from the County of Chesterfield and the City of Richmond. (*Id.*)

On October 15, 2020, Roncales emailed the County of Chesterfield requesting for an affidavit regarding the employment application produced earlier to no avail. (Mem. Supp. Mot. Relief Ex. 1 "October 15, 2020 Email" 39,[5] ECF No. 62-1.) On October 23, 2020, Roncales issued a subpoena to the both the City of Richmond and the County of Chesterfield, requesting production of the affidavit by October 30, 2020. (Resp. Ex. 4, ECF No. 77-4.)

One week later, on October 30, 2020, the City of Richmond responded to the subpoena and provided Roncales a City of Richmond employment application. (ECF No. 62-1.) The same day, the County of Chesterfield informed Roncales that it needed additional time to respond because the employee who was competent to sign the affidavit was out of the office due to food poisoning. (Mem. Supp. Mot. Relief Ex. 1 "October 30, 2020 Email" 32, ECF No. 62-1.) That afternoon, at 12:15 p.m. on October 30, 2020, Counsel for Roncales replied to the County of Chesterfield and offered return dates of November 4 and November 5, 2020, after discovery was set to close per this Court's Initial Pretrial Order. (*Id.*)

---

[4] The Initial Pretrial Order set the trial date for January 11, 2021. (Initial Pretrial Order 1, ECF No. 42.) In the Pretrial Order, the Court directed that "discovery, including the time period of response to any discovery demand(s), must be concluded not later than seventy (70) days prior to the trial," and "[a]ll dispositive motions must be filed not later than sixty (60) days prior to trial." (*Id.* ¶¶ 21, 27.) Therefore, discovery was set to close November 2, 2020. (*See id.* ¶ 21.)

[5] The Court adopts the page numbers assigned to the exhibits by the CM/ECF system.

3

On November 2, 2020, discovery ended. (*See* Initial Pretrial Order ¶ 21.) A week after the close of discovery, on November 9, 2020, the County of Chesterfield responded to the subpoena with the requested documents. (*Id.*) On November 10, 2020, and two days before the dispositive motions' deadline, Roncales served the updated City of Richmond and the County of Chesterfield documents on Defendants. (Mem. Supp. Mot. Relief 2.)

### B. Procedural Background

On November 10, 2020, Roncales filed a Motion for Partial Summary Judgment, relying on the County of Chesterfield's and City of Richmond's updated application materials. (ECF Nos. 50-21, 50-22.) On November 12, 2020, Defendants filed a Motion for Summary Judgment, relying on the earlier served Chesterfield and Richmond City materials. (ECF No. 56-18.)

On November 23, 2020, this Court entered an Order continuing the trial date due to the circumstances caused by the COVID-19 pandemic. On November 24, 2020, Defendants filed the instant Motion for Supplementary Relief Pursuant to Federal Rules of Civil Procedure 16 and 37, claiming that Roncales should not be permitted to use the new documents at the summary judgment and trial stages. (ECF No. 61.) Roncales responded to the Motion for Relief, (ECF No. 77), and Defendants replied, (ECF No. 78). For the reasons that follow, the Court will deny the Motion for Relief.

### II. Standard of Review: Nondisclosure of Discovery

Federal Rule of Civil Procedure 16 allows a court to issue sanctions "if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 26 requires parties to supplement their disclosures and responses in a timely manner if the party learns some material aspect is incomplete, or as ordered by the court. Fed. R. Civ. P. 26(e). Lastly, Rule 37(c) states that "[i]f a party fails to provide information or identify a witness as

4

required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In assessing whether the nondisclosure was "harmless," courts evaluate: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; [and,] (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Notably, courts have "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless." *Id.*

Concerning the above factors, this Court has explained, "[t]he first four (4) factors relate to harmlessness, while the final factor relates to substantial justification." *Vir2us, Inc. v. Invincea, Inc.*, 235 F. Supp. 3d 766, 777 (E.D. Va. 2017). Although courts typically do not assess good or bad faith "as a separate factor in [the] exclusion analysis," the United States Court of Appeals for the Fourth Circuit has observed that "under some circumstances, it might be relevant to the fifth factor of our test—the nondisclosing party's explanation for its failure to disclose evidence." *See S. States Rack & Fixture, Inc.*, 318 F.3d at 598. And "[a] party's intention may . . . be relevant to its explanation for failing to disclose." *Vir2us, Inc.*, 235 F. Supp. 3d at 777.

### III. Analysis

Although Roncales served the two applications after the close of discovery, the Court cannot find harm in Roncales's delay because, while the documents are pertinent to Roncales's position, the surprise was not substantial, Defendants had appropriate time to cure any surprise,

and the document did not disrupt the trial or brief writing process. *See S. States Rack and Fixture, Inc.*, 318 F.3d at 597. Because the Court finds the delay harmless, the Court need not consider whether the delay was substantially justified. *See id.* (concluding that a party need only carry their burden on one prong under Rule 37(c)).

First, the Court finds that Defendants were on notice of Roncales's reliance on various application materials to support her theory that "McDowell has made his charge public because more than a slight likelihood exists that any prospective employer . . . to whom Roncales will apply will learn of or view the available charges." (Roncales Mem. Supp. Partial Mot. Summ. J. 2, ECF No. 50.) In her Second Amended Complaint, Roncales alleged that "any public safety department, including fire departments, will have access to Ms. Roncales's file and/or the information therein and will make employment decisions adverse to [her] based upon the false statements therein." (Sec. Am. Compl. ¶ 45.) Thus, the updated City of Richmond Application cannot be said to have significantly surprised Defendants when, based on their awareness of Roncales's publication theory, the new form did not "present[] an unanticipated theory that they had not accounted for during discovery." *Gomez v. Haystax Tech., Inc.*, 761 F. App'x 220, 230 (4th Cir. 2019); *Rhyne v. United States Steel Corp.*, 474 F. Supp. 3d 733, 756 (W.D.N.C. 2020) (finding late evidence admissible because defendants were on notice of plaintiff's theory of the case).

Next, the application materials do not substantially differ from the materials Roncales produced on July 7, 2020 on which Defendants relied to move for summary judgment. First, the Chesterfield application mirrors the document first produced by Roncales, with the additional affidavit of authenticity. Second, although the new City of Richmond application differs somewhat from that produced by Roncales on July 7, 2020, the old application nonetheless

6

requested that the applicant "authorize [an entity] to furnish the City of Richmond Police Department, ANY and ALL information that you have concerning my employment record, educational record, military record, reputation, character, financial and credit status." (ECF No. 56-18.)

Finally, the evidence did not disrupt the trial because Defendants had adequate time to incorporate the new disclosures into their motion for summary judgment. *See Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011) (excluding expert declarations when the disclosing party notified his opponent of the declaration "after the close of discovery [and] after [the opponent] had filed its motion for summary judgment"). Defendants received the brief exhibits on November 10, 2020. (Mem. Supp. Mot. Relief 2.) Two days later, on November 12, 2020, Defendants filed their Motion for Summary Judgment. Considering the small amount of the updated materials and Defendants' notice of Roncales's reliance on similar evidence, Defendants had adequate time to incorporate the new disclosures into their motion for summary judgment.

Defendants argue that the new City of Richmond production would have led them to visit the city website earlier and notice a new pop-up window, which would have altered the arguments they presented in their briefs. (Reply 2, ECF No. 78.) The Court does not find that position persuasive. The updated City of Richmond application contains essentially the same disclosure as the City of Richmond application served on Defendants with Roncales's July 7, 2020 disclosures. For instance, both applications require a "Reference Checking Consent and Authorization Form" that "authorize[s] the City of Richmond to conduct a reference check with . . . present and/or previous employer(s)." (*Compare* Mem. Supp. Mot. Relief. Ex. 1 "November 10, 2020 City of Richmond Employment Application" 52, ECF No. 62-1, *with* Mem. Supp.

7

Summ. J. Ex. 18 "July 7, 2020 City of Richmond Employment Application," ECF No. 56-18.) Therefore, for the reasons stated above, the Court concludes that Roncales's delay in producing the updated Richmond and Chesterfield application materials was harmless. Because the Court need only find that Roncales's nondisclosure was "substantially justified" *or* "harmless," the Court need not make a finding as to substantial justification. Fed. R. Civ. P. 37(c). For these reasons, the Court will deny the Motion for Relief.

Nonetheless, the Court sees some basis to suggest that the compressed timeline was unnecessary. While Roncales grounds the delay on the late production from the County of Chesterfield due to the necessary employee being ill and out of the office, Roncales does not similarly justify her delay with the City of Richmond materials that she received on October 30, 2020. Counsel for Roncales informs the Court of extenuating medical matters that arose during the course of this litigation, but Defendant apparently did not know about these issues.

Given these complications, to the extent that Defendants wish to incorporate any *new* arguments to their Court filings, the Court will allow them to do so via a supplemental submission, no longer than four pages in length. Defendants' supplemental briefing shall be filed no later than Friday, May 21, 2021. Should Roncales see a need to respond, she shall file a supplemental response, no longer than two pages in length. Roncales's supplemental response, if any, shall be filed no later than Friday, May 30, 2021.

## IV. Conclusion

For the foregoing reasons, the Court will deny the Motion for Relief, (ECF No. 61), but allow limited supplemental briefing.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 5/3/2021
Richmond, Virginia